IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LANE BRABNER
d/b/a WORLD VENTURES, LLC,   *

    Plaintiff,              *

v.                            *   CIVIL ACTION 10-00692-B

BP AMERICA PRODUCTION         *
COMPANY, INC.,
                              *
    Defendant.

## ORDER

This matter comes before the Court *sua sponte*. Defendant, BP America Production Company, Inc. ("BP"), removed this action from the Circuit Court of Mobile County, Alabama, to this Court on December 13, 2010. In its Notice of Removal (Doc. 1), BP predicates removal jurisdiction on the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 *et seq.* ("OCSLA"), both in and of itself and under the federal question provisions of 28 U.S.C. § 1331. In particular, BP asserts that plaintiff's claims are subject to jurisdiction pursuant to OCSLA because that statute confers federal jurisdiction on "cases and controversies arising out, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals … of the outer Continental Shelf." 43 U.S.C. § 1349(b)(1). BP further states that "claims

involving federal enclaves like the Outer Continental Shelf inherently arise under federal law." (Doc. 1, at 3.)

Review of the Complaint, however, reveals that the validity of BP's jurisdictional theory is an open question that must be examined before this case is allowed to proceed any further in this forum. In particular, the Complaint reflects that plaintiff, Lane Brabner, d/b/a World Ventures, LLC, is suing BP for breach of contract. According to the Complaint, the parties entered into a charter party under which BP hired Brabner's vessel at a daily charter hire rate of $1,200 per day, for the purpose of carrying personnel, equipment and provisions in performing various tasks relating to BP's oil spill response and containment efforts. Brabner alleges that BP failed to pay him in full under the charter party, and that it owes him $22,400 under that agreement.

As observed by District Judge Steele, in *McCain v. BP America Production Company*, Case No. 10-00689-WS-N, a case containing substantially similar allegations, "[I]t is far from clear that these factual allegations bear a sufficient nexus to BP's oil drilling operations on the outer Continental Shelf to support OCSLA jurisdiction. It is equally unclear how the Complaint presents "claims involving federal enclaves like the Outer Continental Shelf," as BP contends. In light of its narrowly circumscribed jurisdiction, this Court bears an

affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1]"  Accordingly, BP is **ordered**, on or before **December 30, 2010**, to file a memorandum of law, supported by authorities as appropriate, setting forth the legal basis for its position that (1) the Complaint arises out of, or in connection with, BP's operations on the outer Continental Shelf within the meaning of OCSLA; and (2) Brabner's claims involve a federal enclave and inherently arise under federal law. Plaintiff is **ordered** to file a response, on or before **January 10, 2011**, at which time the jurisdictional issue will be taken under submission.

**DONE** this **15th** day of **December, 2010**.

                              **s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (similar); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").